Filed 7/31/24  P. v. Castaneda CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JAIME JULIAN CASTANEDA,<br><br>    Defendant and Respondent. | 2d Crim. No. B328980<br>(Super. Ct. No. SM105182)<br>(Santa Barbara County) |

Jaime Julian Castaneda appeals an order denying his petition for recall and resentencing filed pursuant to Penal Code section 1172.75.[1]  We conclude that the trial court did not err by denying the recall and resentencing petition because Castaneda's prior prison term enhancements had been struck, not stayed, by the 1998 sentencing court.  We affirm.

This appeal concerns Castaneda's 1998 conviction of burglary with findings that he served four one-year prior prison term enhancements pursuant to former section 667.5, subdivision

---

[1] All statutory references are to the Penal Code.

(b).  The question here is whether the 1998 sentencing court struck or stayed the four one-year enhancements.  Castaneda contends that the sentencing court stayed the four enhancements and he is now entitled to a full resentencing pursuant to section 1172.75.  We reject his contention based upon our review of the oral pronouncement of judgment by the sentencing court.

*FACTUAL AND PROCEDURAL HISTORY*

In 1998, Castaneda was convicted of burglary (count 1) and petty theft with a prior theft conviction (count 3), with findings that he suffered four prior serious felony and strike convictions, and served four prior prison terms.  (§§ 459, 666, 484, 667, subd. (a), subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  On February 11, 1998, the trial court imposed a third-strike sentence of 25 years to life for count 1, and an additional five years for each of the four prior serious felony convictions pursuant to section 667, subdivision (a).  The total sentence was 45 years to life.

At sentencing, the trial judge stated:  "As to the five [*sic*] [prison] priors, I'm going to strike them – one year each – actually there is only two, because there is a 654 problem there as well.  I'm going to impose them and strike them."

*Minute Order and Abstract of Judgment*

The trial court's minute order summarizing sentencing regarding the one-year prior prison term enhancements stated: "Defendant sentenced to State Prison for the term of one year for each prior on the allegations alleged pursuant to 667.5(b) PC on Count 1 of the Information for a total of 4 years, said sentence[] stayed pursuant to Section 654 PC."

The abstract of judgment showed the initial "S" next to each of the section 667.5, subdivision (b) enhancements.

2

Pursuant to the printed abstract instructions, the enhancements were either "stayed or stricken."

In 2016, Castaneda's conviction of petty theft with a prior theft conviction (count 3) was reduced to a misdemeanor. Castaneda was sentenced to 360 days in county jail with credit for time served regarding count 3.

*Section 1172.75 Eligibility Hearing*

On February 15, 2023, the trial court held a section 1172.75 eligibility hearing. Castaneda was represented by counsel at the hearing and the parties filed written briefs. The court later issued a written ruling stating, "Even though there are no legal grounds for a recall and resentence, the six [*sic*] stayed prison priors are legally invalid. (P.C. 1172.75(a).) The court strikes the six [*sic*] stayed prison priors." The court ordered that the abstract of judgment be amended to reflect that the prison term enhancements were stricken. The court otherwise denied a full resentencing hearing.

Castaneda appeals and contends that he is eligible for a full resentencing pursuant to section 1172.75.

*DISCUSSION*

Castaneda argues that a full resentencing hearing is required for any defendant for whom an invalid section 667.5, subdivision (b) enhancement was imposed, whether the enhancement was executed or stayed. He relies upon the statutory language of section 1172.75 and its legislative history to support his argument.

Section 1172.75, subdivision (a) states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent

3

offense . . . is legally invalid." Section 1172.75 instructs the California Department of Corrections and Rehabilitation to identify those persons in its custody currently serving a term for a judgment that includes a prior prison term enhancement (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. (*Id.*, subd. (b).) The court must then review the judgment and determine whether it includes a sentencing enhancement described in section 1172.75, subdivision (a). (*Id.*, subd. (c).)

If the trial court determines that the judgment includes an enhancement described in section 1172.75, subdivision (a), the court shall recall the sentence and resentence the defendant. (*Id.*, subd. (c).) Section 1172.75, subdivision (d)(1) provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."

There are differing opinions whether a full resentencing is required where a prior prison term enhancement has been imposed and stayed by the sentencing court. *People v. Rhodius* (2023) 97 Cal.App.5th 38, 44, review granted February 21, 2024, S283169, authorizes resentencing where the prior prison term enhancement is imposed and added time to the sentence but not in cases where the enhancement was stayed. "[T]o interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id.* at p. 49.) *Rhodius* rested its holding in part

4

on the statutory requirement that the resentencing shall result in a lesser sentence.  (*Id.* at p. 44.)

In contrast, *People v. Christianson* (2023) 97 Cal.App.5th 300, 311, review granted Feb. 21, 2024, S283189, concluded that a full resentencing was required where the enhancement was improperly stayed.  *Christianson* reasoned that stayed enhancements "carry the potential for an increased sentence in certain circumstances."  (*Id.* at p. 399.)  "[T]he trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated."  (*Id.* at p. 312.)

We need not decide the conflict between *Rhodius* and *Christianson* because the sentencing judge stated that he intended "to strike [the enhancements] . . . I'm going to impose them and strike them."  The enhancements were neither imposed and stayed nor imposed and executed.

The judgment is the oral pronouncement.  A discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error.  (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Moreover, the abstract of judgment cannot add to or modify the judgment that it purports to digest or summarize.  (*Ibid.* [the abstract of judgment is not the judgment of conviction].)

The trial court has the inherent power to correct clerical errors in its records to reflect the "true facts."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Courts may correct clerical errors at any time and a reviewing court may order correction of an abstract of judgment that did not accurately reflect the oral pronouncement of judgment.  (*Ibid.*)  The minute order here and potentially the ambiguous abstract of judgment did not reflect

5

the sentencing court's oral pronouncement that the prior prison term enhancements were struck.

Although the trial court did not rely on this analysis to deny section 1172.75 eligibility, we review the court's ruling, not its reasoning. (*People v. Brooks* (2017) 3 Cal.5th 1, 39.) We affirm the ruling if it is correct on any ground. (*Ibid.*) Moreover, a mistaken sentence may be corrected at any time. "Where a judgment fails to express the court's true intentions as they existed at the time of rendition, the court generally has the power to correct the judgment to reflect those intentions." (*People v. Landon White Bail Bonds* (1991) 234 Cal.App.3d 66, 77.)

*DISPOSITION*

The order denying the recall and resentencing petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

6

Stephen Foley, Judge

Superior Court County of Santa Barbara

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.